83 Cal.Rptr.2d 407 (1999)
70 Cal.App.4th 1392
In re ZACHARY D., a Person Coming Under the Juvenile Court Law.
Sacramento County Department of Health & Human Services, Plaintiff and Respondent,
v.
Dorie D., Defendant and Appellant.
No. C030740.
Court of Appeal, Third District.
March 30, 1999.
Review Denied June 23, 1999.
Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.
*408 Robert A. Ryan, Jr., County Counsel, Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.
BLEASE, Acting P.J.
In this appeal we consider the application of recent legislation which authorizes the entry of a kinship adoption agreement between an adopting parent who is a relative of the child and a birth parent, pursuant to which the court may, in an adoption decree, grant post adoption privileges to a birth parent. (Fam.Code, §§ 8714.5 et seq.; Stats.1997, ch. 793, § 4.)
Dorie D., the mother of Zachary, appeals from an order of the juvenile court terminating her parental rights pursuant to Welfare and Institutions Code section 366.26.[1] She contends the court committed reversible error in failing to provide her with notice and an opportunity to enter into a kinship adoption agreement with her parents, prospective adoptive parents who had custody of Zachary, before terminating her parental rights.
We will conclude the provision of such notice and opportunity in the section 366.26 proceeding, though desirable in an appropriate case, is not required. Appellant is not disadvantaged by this ruling. The kinship adoption statutes do not preclude entry into a kinship adoption agreement after termination of parental rights and before entry of an adoption decree.
We shall affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND
On July 24, 1997, the Sacramento County Department of Health and Human Services (DHHS) filed a section 300 petition on behalf of the minor, who was born June 28, 1997. It alleged appellant had a substance abuse problem that rendered her incapable of providing proper care for and supervision of the minor. According to the petition, appellant, the minor, and two of the minor's siblings tested positive for illegal drugs.
The juvenile court sustained the petition, adjudged the minor a dependent child of the court, and ordered DHHS to provide appellant with reunification services. The minor was placed in the custody of his maternal grandparents, who had custody of the minor's three siblings.
Appellant did not satisfy the requirements of her reunification plan. In the meantime, the minor was doing well with his grandparents, who wanted to adopt him. Apparently no conflicts existed between appellant and the grandparents. Rather, the grandparents encouraged appellant to visit the minor as often as possible. The social worker believed the minor was adoptable.
Appellant did not appear at the September 3, 1998, section 366.26 hearing. Her counsel urged the court not to terminate her parental rights. The parties did not discuss the possibility of entering into a kinship adoption agreement. The court found it likely the minor would be adopted and terminated appellant's parental rights.

DISCUSSION
Appellant contends the juvenile court prejudicially erred "by not requiring [DHHS] to provide [her] an opportunity to enter into a kinship adoption agreement with her parents, the prospective adoptive parents of [the minor]." According to appellant, such an agreement was appropriate under the circumstances and would promote the best interests of the minor. She argues the court had a duty, implied by statute, to order DHHS to work with her in achieving such an agreement. Appellant also asserts the court's failure to advise appellant of her right to pursue a kinship adoption agreement violated her due process rights. We disagree.

I
In order to remove barriers to adoption by relatives and to preserve family relationships, the Family Code provides for adoption by a relative of a dependent child and for a written and signed kinship adoption agreement *409 between the relative and a birth parent, which shall be attached to and filed with a petition for adoption by the relative. (Fam.Code, §§ 8714.5, 8714.7.)[2] The agreement may include, but is limited to, visitation and future contact with the child and his or her siblings and half-siblings and the sharing of information about the child. (Fam.Code, § 8714.7, subd. (a).)[3]
The Family Code sets forth the obligations of the court and DHHS when a kinship adoption agreement has been filed with the petition for adoption. They include the following. DHHS is directed in its adoption report to "address whether the ... agreement is in the best interests of the child who is the subject of the petition." (Fam.Code, § 8715, subd. (c).) If the court finds the agreement is in the best interests of the child, it may include the post adoption privileges contained in the agreement in the decree of adoption. (Fam.Code, § 8714.7, subds.(a) and (b).) The court may approve the termination or modification of the agreement if, for example, the parties agree or it is in the best interests of the child. (Fam. Code, § 8714.7, subd. (h).) But the adoption *410 cannot be set aside for failure to follow the terms of the agreement. (Fam.Code, § 8714.7, subd. (e).)
Nothing contained in these provisions imposes an obligation on the juvenile court to order DHHS to provide the birth parents or others an opportunity to negotiate a kinship adoption agreement. Nor has the Legislature required the court to notify the birth parent of such an opportunity.
Appellant suggests an implied duty to do so can be inferred from section 366.26. Subdivision (a) of that section states in part that "[s]ection 8714.7 of the Family Code is applicable and available to all dependent children meeting the requirements of that section." Section 366.26 applies only to the termination of parental rights. Although the purpose of section 366.26 is to free the child for adoption and to set the adoption proceedings in motion, the provisions for adoption are contained in other sections of the Family Code (See, e.g., Fam.Code, §§ 8714, 8802, and 9000.) The reference to the Family Code contained in section 366.26, subdivision (a), serves only as a caution that the termination of parental rights does not preclude entry into a kinship adoption agreement pursuant to the provisions of sections 8714.5 and 8714.7 of the Family Code. The contrary assumption, implicit in appellant's argument, that the opportunity for the parties to consider a kinship adoption agreement is lost following the 366.26 proceeding, is incorrect. There is no time limit for entering a kinship adoption agreement prior to the entry of a decree of adoption providing the adopting relative has filed the signed agreement with the petition for adoption. (Fam.Code, § 8714.5, subd. (d).)
Appellant asserts a kinship adoption plan would promote the best interests of the minor "because it would provide both the security of a permanent, stable home with his adoptive parents and would also provide assurance of the right to continuing contact with his mother." Appellant may be correct that the minor's best interests would be promoted by guaranteeing him continued parental contact as well as the permanency afforded by a conventional adoption. Absent statutory authorization, the correctness of that proposition does not impose upon the juvenile court an obligation to ensure the Family Code provisions are considered by the parties to the section 366.26 proceeding.
However, the parties are not foreclosed from entering into a kinship adoption agreement following the termination of parental rights under section 366.26. The express terms of Family Code section 8714.7 provide ample support for our determination. For example, subdivision (a) permits the parties to enter into a kinship adoption agreement if the juvenile court finds the agreement to be in the best interests of the child "at the time the adoption petition is granted." Subdivision (b) authorizes the court entering the adoption decree to approve a kinship adoption agreement "[a]t the time an adoption decree is entered...." Thus, as Family Code section 8714.7 makes clear, the parties are permitted to submit a kinship adoption agreement for the court's approval after the child has been freed for adoption.
Section 366.3 is not inconsistent with our conclusion. Subdivision (a) states that "[f]ollowing a termination of parental rights, the parent or parents shall not be a party to, or receive notice of, any subsequent proceedings regarding the minor." This provision only bars parents from direct participation in the adoption proceeding itself. It is the adopting relative, not the birth parent, who files the kinship adoption agreement with the juvenile court. (Fam.Code, § 8714.5, subd. (b).)
As we have said, the opportunity remains, at least before entry of a final adoption decree, for the parties to avail themselves of the provisions permitting a kinship adoption agreement and to make the agreement a part of the petition for adoption. If the parties previously were unaware of this law, that must no longer be true.

II
The remaining issue is one of due process. Appellant contends the failure by the juvenile court to notify her of her right to pursue a kinship adoption agreement violated her due process rights "because she was denied notice of this critically important option and she was denied the opportunity to negotiate such an agreement...." Connected to that assertion *411 is appellant's claim that failure to provide such notice is analogous to the failure by a juvenile court to ensure preparation of a social study report by the department.
The constitutional claim is not meritorious. It is a truism, of course, that acts of the Legislature are "clothed with a presumption of constitutionality." (In re Dennis M. (1969) 70 Cal.2d 444, 453, 75 Cal.Rptr. 1, 450 P.2d 296.) At the same time, it is also true that, because parents enjoy a fundamental liberty interest in the care, custody, and control of their children, parental rights cannot be terminated except according to procedures consistent with due process. (Santosky v. Kramer (1982) 455 U.S. 745, 753-754, 102 S.Ct. 1388, 1394-1395, 71 L.Ed.2d 599, 606.)
Procedural due process consists principally of a right to notice and an opportunity to be heard. (In re Crystal J. (1993) 12 Cal.App.4th 407, 412-413, 15 Cal.Rptr.2d 613.) Its essence is an emphasis on fairness in the particular procedure employed. (Id. at p. 412, 15 Cal.Rptr.2d 613.) In this case, we discern no unfairness in the procedure.
Contrary to appellant's argument, the record establishes she had ample opportunity to enter negotiations with the prospective adoptive parents for a kinship adoption agreement. Appellant and the minor were represented by counsel throughout these proceedings. At the section 366.26 hearing, counsel appeared on appellant's behalf and, in her absence, argued against termination of appellant's parental rights. Appellant does not question the professional abilities of her counsel, nor does she suggest she lacked the opportunity to discuss any particular subject, such as a kinship adoption agreement, with counsel. Finally, as we have suggested, in a future adoption proceeding the parties will, should they wish to do so, be able to negotiate a kinship adoption agreement.[4]
In sum, we conclude appellant was afforded adequate procedural due process. There was no error.

DISPOSITION
The order of the juvenile court terminating appellant's parental rights is affirmed.
DAVIS, J., and NICHOLSON, J., concur.
NOTES
[1] A reference to an undesignated section is to the Welfare and Institutions Code unless the context shows otherwise.
[2] Family Code section 8714.5 provides in pertinent part:

"(a) The Legislature finds and declares the following: [¶] (1) It is the intent of the Legislature to expedite legal permanency for children who cannot return to their parents and to remove barriers to adoption by relatives of children who are already in the dependency system or who are at risk of entering the dependency system. [U] (2) This goal will be achieved by empowering families, including extended families, to care for their own children safely and permanently whenever possible, by preserving existing family relationships, thereby causing the least amount of disruption to the child and the family, and by recognizing the importance of sibling and half sibling relationships.
(b) A relative desiring to adopt a child may for that purpose file a petition in the county in which the petitioner resides. Where a child has been adjudged to be a dependent of the juvenile court pursuant to Section 300 of the Welfare and Institutions Code, and thereafter has been freed for adoption by the juvenile court, the petition may be filed either in the county where the petitioner resides or in the county where the child was freed for adoption.
(c) Upon the filing of a petition for adoption by a relative, the county clerk shall immediately notify the State Department of Social Services in Sacramento in writing of the tendency of the proceeding and of any subsequent action taken.
(d) If the adopting relative has entered into a kinship adoption agreement with the birth parent as set forth in Section 8714.7, the kinship adoption agreement, signed by the parties to the agreement, shall be attached to and filed with the petition for adoption under subdivision (b).
[3] Section 8714.7 provides in pertinent part:

"(a) Nothing in the adoption laws of this state shall be construed to prevent the adopting parent or parents, the birth relatives, including the birth parent or parents, and the child from entering into a written agreement to permit continuing contact between the birth relatives, including the birth parent or parents, and the child if the agreement is found by the court to be in the best interests of the child at the time the adoption petition is granted. The terms of any kinship adoption agreement executed under this section shall be limited to, but need not include, all of the following: [H] (1) Provisions for visitation between the child and a birth parent or parents and other birth relatives, including siblings. [¶] (2) Provisions for future contact between a birth parent or parents or other birth relatives, including siblings, or both, and the child or an adoptive parent, or both. [¶] (3) Provisions for the sharing of information-about the child in the future.
(b) At the time an adoption decree is entered pursuant to a petition filed under Section 8714.5, the court entering the decree may grant post adoption privileges when an agreement for those privileges has been entered into pursuant to subdivision (a).
(c) This section is applicable only to kinship adoption agreements in which the adopting parent is a relative of the child or a relative to the child's half-sibling and the adoption petition is filed under Section 8714.5. For purposes of this section and Section 8714.5, `relative' means an adult who is related to the child or the child's half sibling by blood or affinity, including all relatives whose status is preceded by the words `step,' `great,' `great-great,' or `grand,' or the spouse of any of these persons, even if the marriage was terminated by death or dissolution.
(d) The child who is the subject of the adoption petition shall be considered a party to the kinship adoption agreement. The written consent to the terms and conditions of the kinship adoption agreement and any subsequent modifications of the agreement by a child who is 12 years of age and older is a necessary condition to the granting of privileges regarding visitation, contact, or sharing of information about the child, unless the court finds by a preponderance of the evidence that the agreement, as written, is in the best interests of the child. Any child who has been found to come within Section 300 of the Welfare and Institutions Code or who is the subject of a petition for jurisdiction of the juvenile court under Section 300 of the Welfare and Institutions Code shall be represented by an attorney for purposes of consent to the kinship adoption agreement...."
[4] We presume that no final adoption decree has been filed as yet.